FILED
2011 Dec-29 PM 02:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CHARLES ROBERT CLARK, and KIMBERLY CLARK,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| **FLUKE CORPORATION; GENERAL ELECTRIC COMPANY; MAYER ELECTRIC SUPPLY COMPANY; GARNER ELECTRIC, INC.,** | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

## COMPLAINT

COME NOW the Plaintiffs, Charles Robert Clark and Kimberly Clark (hereinafter collectively "Plaintiffs") and file this Complaint for damages arising from personal injuries against Fluke Corporation, General Electric Company, Mayer Electric Supply Company, and Garner Electric, Inc. (hereinafter collectively "Defendants").

## PARTIES

1. Plaintiff Charles Robert Clark (hereinafter "Clark") at all times material to the allegations of this complaint was and is an adult resident citizen of Covington County, Mississippi and is over the age of nineteen (19) years old.

2. Plaintiff Kimberly Clark at all times material to the allegation of this complaint was and is an adult resident citizen of Covington County, Mississippi and is over the age of nineteen (19) years old.

3. Defendant Fluke Corporation (hereinafter "Fluke") is, upon information and belief, a Washington corporation with its principal office in the State of Washington.

4. Defendant General Electric Company (hereinafter "GE") is, upon information and belief, a New York corporation with its principal office in Connecticut.

5. Defendant Mayer Electric Supply Company, Inc. (hereinafter "Mayer") is, upon information and belief, a Delaware corporation with its principal office in Alabama.

6. Defendant Garner Electric, Inc. (hereinafter "Garner") is, upon information and belief, an Alabama corporation with its principal office in Alabama.

## JURISDICTION

7. Jurisdiction is founded under the provisions of 28 U.S.C. §1332(a) et seq., which grants this court jurisdiction in civil actions on the basis of diversity of citizenship where the matter in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

## VENUE

8. Venue is proper pursuant to 28 U.S.C. § 1391(a) and (c), which provide that venue in a civil action where jurisdiction is based solely on diversity of citizenship is proper in a judicial district where any defendant resides, and that corporations, such as the named Defendants, reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced.

## FACTS

9. On or about March 17, 2011, Plaintiff Clark was employed by Killen Electrical Contractors, Inc. (hereinafter "Killen Contractors"), and on this day was acting within the line and scope of his employment.

10. On or about March 17, 2011, and prior thereto, Defendant Fluke was in the business of designing, manufacturing, and selling electronic voltage meters for testing electrical voltage.

11. On or about March 17, 2011, Defendant GE was in the business of designing, manufacturing, and selling electrical equipment and components for use in supplying electricity.

12. On or about March 17, 2011, Defendant Mayer was in the business of selling, distributing, specifying, recommending, and supplying electrical equipment and components for use in supplying electricity, and was also in

the business of manufacturing and assembling electrical equipment using components manufactured by other entities and packaging or labeling such equipment.

13. On or about March 17, 2011, Defendant Garner was in the business of selling, specifying, modifying, altering, and installing electrical equipment and components for use in supplying electricity.

14. On or about March 17, 2011, Plaintiff Clark was performing work for and on behalf of Killen Contractors at Marbury High School in Autauga County, Alabama. Specifically, Plaintiff Clark was assigned to install overhead lights for the new athletic facility at Marbury High School.

15. As part of the work, Plaintiff Clark was required to install a circuit breaker into an already existing power supply box (hereinafter the "subject power box") located on the Marbury High School premises.

16. The subject power box was supplied/sold/specified/modified/altered by Defendant Mayer and contained component parts manufactured by Defendant GE. The subject power box was also sold, specified, modified, altered, and installed on the premises by Defendant Garner.

17. Prior to installing the circuit breaker, Plaintiff Clark and his co-workers believed the subject power box was not energized, was safe to work on, and did not pose a danger of electrocution.

18. Also prior to installing the circuit breaker, Plaintiff Clark utilized a Fluke Volt Meter (hereinafter the "subject volt meter") to test the subject power box to ensure that the power box and its component parts were not energized, were safe to work on, and did not pose a danger of electrocution.

19. Unbeknownst to Plaintiff Clark while he was exercising due care, and because of defects in the subject power box, its component parts, and/or the subject volt meter, the subject power box and/or its component parts were still energized when Plaintiff Clark began to perform work inside the subject power box necessary for the installation of the circuit breaker.

20. While Plaintiff Clark was working in the subject power box, an electrical arc formed, causing serious injury and damage to Plaintiff Clark.

21. As a result of the electrical arc, Plaintiff Charles Robert Clark was hospitalized and required, and will require in the future, extensive medical treatment and surgery for his injuries and sustained other damages. As a result, Plaintiff Kimberly Clark has been deprived of the love, company, fellowship, cooperation, assistance, society, affection, services, and comfort of her husband, and her right to the continuation of the normal marital relationship.

**COUNT I**
**AEMLD—FLUKE**

22. Plaintiff Clark hereby incorporates by reference all preceding allegations as if fully set forth herein.

23. Defendant Fluke manufactured, sold, produced, designed, and/or marketed the subject volt meter used on the day of the electrical arc which inured Plaintiff Clark. At all times relevant to this cause of action, Defendant Fluke ordinarily engaged in the business of manufacturing, selling, producing, designing, and/or marketing volt meters similar to the subject volt meter.

24. At some point prior to March 17, 2011, Defendant Fluke placed the subject volt meter into the stream of commerce.

25. The subject volt meter reached the ultimate user of the product, without any substantial change in its condition from the time it was produced, designed, manufactured, marketed, or sold by said defendant.

26. The subject volt meter, at all relevant times, was in a defective condition, was unreasonably dangerous and created an unreasonable risk of harm for a number of reasons including, but not limited to the fact that it was defectively constructed, designed, engineered, and manufactured and/or due to the defendant's failure to issue, make, affix, or provide appropriate warnings, directions, and/or instructions and due to the failure to include appropriate safety devices and equipment.

27. At all relevant times, the aforementioned volt meter was used as intended and in a foreseeable manner of operation.

28. The defective condition of the volt meter combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries; thus, Defendant Fluke is liable to the Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

## COUNT II
## BREACH OF WARRANTY--FLUKE

29. Plaintiff Clark hereby incorporates by reference all preceding allegations.

30. Defendant Fluke at all times relevant to this cause of action, was ordinarily engaged in the business of manufacturing, selling, producing, designing, and/or marketing volt meters, including the volt meter now at issue.

31. Said volt meter was used for its intended purpose and was defective and not fit for the purpose for which it was intended.

32. The defective condition of the subject volt meter combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

33. Defendant Fluke's conduct as described herein constitutes a breach of implied and/or express warranty.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

## COUNT III
## WANTONNESS--FLUKE

34. Plaintiff Clark hereby incorporates by reference all preceding allegations.

35. Prior to the incident on March 17, 2011, Defendant Fluke had superior knowledge of the dangers, defects, hazards and/or risks associated with the use of volt meters it manufactured.

36. Defendant Fluke knew, before the date of the incident that injured the plaintiffs, that this malfunction could occur.

37. Defendant Fluke failed to act as a reasonable manufacturer, and despite this knowledge, consciously and recklessly disregarded the rights and safety of others, including Plaintiff Clark, by failing to issue, make, affix, or otherwise provide appropriate warnings, directions, and/or instructions and by failing to include appropriate safety devices and equipment both before and after the sale of the subject volt meter.

38. Defendant Fluke further consciously and recklessly disregarded the rights and safety of others, including Plaintiff Clark, by failing to re-design, retrofit, and/or recall the subject volt meter, and/or warn users, both before and after the sale of the subject volt meter, after it knew or should have known of the danger posed by such a defective product.

39. Defendant Fluke's wanton conduct combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic

damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

## COUNT IV
## NEGLIGENCE --FLUKE

40. Plaintiff Clark hereby incorporates by reference all preceding allegations as if fully set forth herein.

41. Defendant Fluke breached a duty of due care to Plaintiff Clark, including, but not limited to, failure to exercise that degree of care that a reasonable company or entity would exercise in the same or similar circumstances; negligent design and/or manufacture; negligent failure to warn; negligent failure to install necessary safety devices; and negligent failure to re-design, retrofit, recall and/or warn regarding the subject volt meter both before and after its sale.

42. Defendant Fluke's failure to comply with its duties constitutes negligence.

43. Defendant Fluke's breaches of duty combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries

and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

**COUNT V**
**NEGLIGENCE PER SE—FLUKE**

44. Plaintiff Clark hereby incorporates by reference all preceding allegations as if fully set forth herein.

45. Defendant Fluke also negligently breached a duty of care to Plaintiff Clark by violation of local, state, and national laws, regulations, ordinances, industry standards, and/or safety codes.

46. Plaintiff Clark was within the class of persons intended to be protected by said laws, regulations, ordinances, industry standards and/or safety codes, and is among the class of persons to whom such duty ran.

47. Plaintiff Clark's injuries are the type of harm intended to be prevented by such laws, regulations, ordinances, industry standards and/or safety codes.

48. The negligent and/or wanton breach of duty by Defendant Fluke combined and concurred with the other wrongful conduct alleged herein to proximately cause injuries and damages to Plaintiff Clark as previously described.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and

future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

**COUNT VI**
**AEMLD—GE**

49. Plaintiff Clark hereby incorporates by reference all preceding allegations as if fully set forth herein.

50. Defendant GE manufactured, sold, produced, designed, assembled, constructed, and/or marketed the subject power box and/or the component parts therein which injured Plaintiff Clark. At all times relevant to this cause of action, Defendant GE ordinarily engaged in the business of manufacturing, selling, producing, designing, and/or marketing electrical equipment and components similar to the subject power box and its internal components.

51. At some point prior to March 17, 2011, Defendant GE placed the subject power box and/or its component parts into the stream of commerce.

52. The subject power box and/or its component parts reached the ultimate users of the product, without any substantial change in its condition from the time

it was produced, designed, manufactured, marketed, or sold by said defendant.

53. The subject power box and/or its component parts, at all relevant times, were in a defective condition, were unreasonably dangerous and created an unreasonable risk of harm for a number of reasons including, but not limited to the fact that they were defectively assembled, constructed, designed, engineered, and manufactured and/or due to the defendant's failure to issue, make, affix, or provide appropriate warnings, directions, and/or instructions and due to the failure to include appropriate safety devices and equipment.

54. The aforementioned power box and/or its component parts were used as intended and in a foreseeable manner of operation.

55. The defective condition of the subject power box and/or its component parts combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries; thus, Defendant GE is liable to the Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries

and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

## COUNT VII
## BREACH OF WARRANTY--GE

56. Plaintiff Clark hereby incorporates by reference all preceding allegations.

57. Defendant GE at all times relevant to this cause of action, was ordinarily engaged in the business of manufacturing, selling, producing, designing, and/or marketing electrical construction assembly equipment and components, including the subject power box and/or the components now at issue.

58. The subject power box and/or its component parts were used for their intended purpose and were defective and not fit for the purpose for which they were intended.

59. The defective condition of the subject power box and/or its component parts combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

60. Defendant GE's conduct as described herein constitutes a breach of implied and/or express warranty.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

## COUNT VIII
## WANTONNESS--GE

61. Plaintiff Clark hereby incorporates by reference all preceding allegations.

62. Prior to the incident on March 17, 2011, Defendant GE had superior knowledge of the dangers, defects, hazards and/or risks associated with the use of electrical equipment and components it manufactured.

63. Defendant GE knew, before the date of the incident that injured the plaintiffs, that this malfunction could occur.

64. Defendant GE failed to act as a reasonable manufacturer, and despite this knowledge, consciously and recklessly disregarded the rights and safety of others, including Plaintiff Clark, by failing to issue, make, affix, or otherwise provide appropriate warnings, directions, and/or instructions and

by failing to include appropriate safety devices and equipment, both before and after the sale of the subject power box.

65. Defendant GE further consciously and recklessly disregarded the rights and safety of others, including Plaintiff Clark, by failing to re-design, retrofit, and/or recall the subject power box and/or its component parts, and/or warn users, both before and after the sale, after it knew or should have known of the danger posed by such a defective product.

66. Defendant GE's wanton conduct combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

## COUNT IX
## NEGLIGENCE --GE

67. Plaintiff Clark hereby incorporates by reference all preceding allegations as if fully set forth herein.

68. Defendant GE breached a duty of due care to Plaintiff Clark, including, but not limited to, failure to exercise that degree of care that a reasonable company or entity would exercise in the same or similar circumstances; negligent design and/or manufacture; negligent failure to warn; negligent failure to install necessary safety devices; and negligent failure to re-design, retrofit, recall and/or warn regarding the subject power box and/or its component parts both before and after the sale.

69. Defendant GE's failure to comply with its duties constitutes negligence.

70. Defendant GE's breaches of duty combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

**COUNT X**
**NEGLIGENCE PER SE--GE**

71. Plaintiff Clark hereby incorporates by reference all preceding allegations as if fully set forth herein.

72. Defendant GE also negligently breached a duty of care to Plaintiff Clark by violation of local, state, and national laws, regulations, ordinances, industry standards, and/or safety codes.

73. Plaintiff Clark was within the class of persons intended to be protected by said laws, regulations, ordinances, industry standards and/or safety codes, and is among the class of persons to whom such duty ran.

74. Plaintiff Clark's injuries are the type of harm intended to be prevented by such laws, regulations, ordinances, industry standards and/or safety codes.

75. The negligent and/or wanton breach of duty by Defendant GE combined and concurred with the other wrongful conduct alleged herein to proximately cause injuries and damages to Plaintiff Clark as previously described.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to

be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

**COUNT XI**
**AEMLD—MAYER**

76. Plaintiff Clark hereby incorporates by reference all preceding allegations as if fully set forth herein.

77. Defendant Mayer sold and/or marketed the subject power box which injured Plaintiff Clark. Prior to selling the subject power box, Defendant Mayer exercised substantial control over the subject power box, including but not limited to specifying and/or assembling the final product from component parts, designing it, testing it, packaging it, labeling it, altering it, and/or modifying it. At all times relevant to this cause of action, Defendant Mayer ordinarily engaged in the business of assembling, manufacturing, specifying, selling, producing, designing, altering, modifying, and/or marketing electrical equipment similar to the subject power box.

78. At some point prior to March 17, 2011, Defendant Mayer placed the subject power box into the stream of commerce.

79. The subject power box and/or its component parts reached the ultimate and foreseeable users of the product, without any substantial change in its condition from the time it was produced, assembled, designed, manufactured, marketed, altered, modified, or sold by said defendant.

80. The subject power box, at all relevant times, was in a defective condition, was unreasonably dangerous and created an unreasonable risk of harm for a number of reasons including, but not limited to the fact that it was defectively assembled, constructed, designed, engineered, altered, modified, and manufactured by Defendant Mayer and/or due to the defendant's failure to issue, make, affix, or provide appropriate warnings, directions, and/or instructions and due to the failure to include appropriate safety devices and equipment.

81. The aforementioned power box was used as intended and in a foreseeable manner of operation.

82. The defective condition of the subject power box combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries; thus, Defendant Mayer is liable to the Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to

be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

**COUNT XII**
**BREACH OF WARRANTY--MAYER**

83. Plaintiff Clark hereby incorporates by reference all preceding allegations.

84. Defendant Mayer at all times relevant to this cause of action, was ordinarily engaged in the business of assembling, manufacturing, selling, producing, designing, altering, modifying, and/or marketing electrical equipment, including the subject power box now at issue.

85. The subject power box was used for its intended purpose and was defective and not fit for the purpose for which it was intended.

86. The defective condition of the subject power box combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

87. Defendant Mayer's conduct as described herein constitutes a breach of implied and/or express warranty.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic

damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

**COUNT XIII**
**WANTONNESS--MAYER**

88. Plaintiff Clark hereby incorporates by reference all preceding allegations.

89. Prior to the incident on March 17, 2011, Defendant Mayer had superior knowledge of the dangers, defects, hazards and/or risks associated with the use of electrical equipment it sold.

90. Defendant Mayer knew, before the date of the incident that injured the plaintiffs, that this malfunction could occur.

91. Defendant Mayer failed to act as a reasonable seller/manufacturer, and despite this knowledge, consciously and recklessly disregarded the rights and safety of others, including Plaintiff Clark, by failing to issue, make, affix, or otherwise provide appropriate warnings, directions, and/or instructions and by failing to include appropriate safety devices and equipment, both before and after the sale of the subject power box.

92. Defendant Mayer further consciously and recklessly disregarded the rights and safety of others, including Plaintiff Clark, by failing to re-design, retrofit, and/or recall the subject power box and/or warn users, both before

and after the sale, after it knew or should have known of the danger posed by such a defective product.

93. Defendant Mayer's wanton conduct combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

**COUNT XIV**
**NEGLIGENCE --MAYER**

94. Plaintiff Clark hereby incorporates by reference all preceding allegations as if fully set forth herein.

95. Defendant Mayer breached a duty of due care to Plaintiff Clark, including, but not limited to, failure to exercise that degree of care that a reasonable company or entity would exercise in the same or similar circumstances; negligent design and/or manufacture; negligent assembly, alteration, or modification; negligent failure to warn; negligent failure to install necessary

safety devices; and negligent failure to re-design, retrofit, recall and/or warn regarding the subject power box both before and after its sale.

96. Defendant Mayer's failure to comply with its duties constitutes negligence.

97. Defendant Mayer's breaches of duty combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

**COUNT XV**
**NEGLIGENCE PER SE—MAYER**

97. Plaintiff Clark hereby incorporates by reference all preceding allegations as if fully set forth herein.

98. Defendant Mayer also negligently breached a duty of care to Plaintiff Clark by violation of local, state, and national laws, regulations, ordinances, industry standards, and/or safety codes.

99. Plaintiff Clark was within the class of persons intended to be protected by said laws, regulations, ordinances, industry standards and/or safety codes, and is among the class of persons to whom such duty ran.

100. Plaintiff Clark's injuries are the type of harm intended to be prevented by such laws, regulations, ordinances, industry standards and/or safety codes.

101. The negligent and/or wanton breach of duty by Defendant Mayer combined and concurred with the other wrongful conduct alleged herein to proximately cause injuries and damages to Plaintiff Clark as previously described.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

## COUNT XVI
## AEMLD--GARNER

102. Plaintiff Clark hereby incorporates by reference all preceding allegations as if fully set forth herein.

103. Defendant Garner sold and/or marketed the subject power box which injured Plaintiff Clark. Prior to selling the subject power box, Defendant Garner exercised substantial control over the subject power box, including but not limited to specifying and/or assembling the final product from component parts, designing it, testing it, packaging it, labeling it, altering it, and/or modifying it. At all times relevant to this cause of action, Defendant Garner ordinarily engaged in the business of assembling, manufacturing, selling, producing, designing, altering, modifying, and/or marketing electrical equipment similar to the subject power box.

104. At some point prior to March 17, 2011, Defendant Garner placed the subject power box into the stream of commerce.

105. The subject power box and/or its component parts reached the ultimate and foreseeable users of the product, without any substantial change in its condition from the time it was produced, assembled, designed, manufactured, marketed, altered, modified, or sold by said defendant.

106. The subject power box, at all relevant times, was in a defective condition, was unreasonably dangerous and created an unreasonable risk of harm for a number of reasons including, but not limited to the fact that it was defectively assembled, constructed, designed, engineered, altered, modified, and manufactured by Defendant Garner and/or due to the defendant's failure

to issue, make, affix, or provide appropriate warnings, directions, and/or instructions and due to the failure to include appropriate safety devices and equipment.

107. The aforementioned power box was used as intended and in a foreseeable manner of operation.

108. The defective condition of the subject power box combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries; thus, Defendant Garner is liable to the Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

**COUNT XVII**
**BREACH OF WARRANTY--GARNER**

109. Plaintiff Clark hereby incorporates by reference all preceding allegations.

110. Defendant Garner at all times relevant to this cause of action, was ordinarily engaged in the business of assembling, manufacturing, selling, producing, designing, altering, modifying, and/or marketing electrical equipment, including the subject power box now at issue.

111. The subject power box was used for its intended purpose and was defective and not fit for the purpose for which it was intended.

112. The defective condition of the subject power box combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

113. Defendant Garner's conduct as described herein constitutes a breach of implied and/or express warranty.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

**COUNT XVIII**
**WANTONNESS--GARNER**

114. Plaintiff Clark hereby incorporates by reference all preceding allegations.

115. Prior to the incident on March 17, 2011, Defendant Garner had superior knowledge of the dangers, defects, hazards and/or risks associated with the use of electrical equipment it sold.

116. Defendant Garner knew, before the date of the incident that injured the plaintiffs, that this malfunction could occur.

117. Defendant Garner failed to act as a reasonable seller/manufacturer, and despite this knowledge, consciously and recklessly disregarded the rights and safety of others, including Plaintiff Clark, by failing to issue, make, affix, or otherwise provide appropriate warnings, directions, and/or instructions and by failing to include appropriate safety devices and equipment, both before and after the sale of the subject power box.

118. Defendant Garner further consciously and recklessly disregarded the rights and safety of others, including Plaintiff Clark, by failing to re-design, retrofit, and/or recall the subject power box and/or warn users, both before and after the sale, after it knew or should have known of the danger posed by such a defective product.

119. Defendant Garner's wanton conduct combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

**COUNT XIX**
**NEGLIGENCE –GARNER**

120. Plaintiff Clark hereby incorporates by reference all preceding allegations as if fully set forth herein.

121. Defendant Garner sold/installed/altered the subject power box which injured Plaintiff Clark. Prior to selling/installing/altering the subject power box, Defendant Garner exercised substantial control over the subject power box, including but not limited to specifying and/or assembling the final product from component parts, altering it, and/or modifying it. At all times relevant to this cause of action, Defendant Garner ordinarily engaged in the business of selling, installing, assembling, altering, and/or modifying electrical equipment similar to the subject power box.

122. Defendant Garner breached a duty of due care to Plaintiff Clark, including, but not limited to, failure to exercise that degree of care that a reasonable company or entity would exercise in the same or similar circumstances; negligent installation; negligent assembly, alteration, or modification of the subject power box; negligent failure to warn; negligent failure to install necessary safety devices; and/or negligent failure to re-design, retrofit, recall and/or warn regarding the subject volt power bower box both before and after its sale and installation.

123. Defendant Garner's failure to comply with its duties constitutes negligence.

124. Defendant Garner's breaches of duty combined and concurred with the other wrongful conduct alleged herein to proximately cause Plaintiff's injuries.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

## COUNT XX
## NEGLIGENCE PER SE—GARNER

125. Plaintiff Clark hereby incorporates by reference all preceding allegations as if fully set forth herein.

126. Defendant Garner also negligently breached a duty of care to Plaintiff Clark by violation of local, state, and national laws, regulations, ordinances, industry standards, and/or safety codes.

127. Plaintiff Clark was within the class of persons intended to be protected by said laws, regulations, ordinances, industry standards and/or safety codes, and is among the class of persons to whom such duty ran.

128. Plaintiff Clark's injuries are the type of harm intended to be prevented by such laws, regulations, ordinances, industry standards and/or safety codes.

129. The negligent and/or wanton breach of duty by Defendant Garner combined and concurred with the other wrongful conduct alleged herein to proximately cause injuries and damages to Plaintiff Clark as previously described.

WHEREFORE Plaintiff Clark claims compensatory and punitive damages for his injuries resulting from said incident, including, but not limited to, past and future medical expenses, loss of earnings, loss of earning capacity, past and future physical pain and suffering, present and future mental anguish, permanent injuries and disabilities, disfigurement, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to

be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

## COUNT XXI
## LOSS OF CONSORTIUM

130. Plaintiff Kimberly Clark incorporates by reference all preceding allegations as if fully set forth herein.

131. Plaintiff Charles Robert Clark's injuries have irrevocably changed the marital relationship between the Plaintiffs. Plaintiff Kimberly Clark has experienced a loss of love, companionship, fellowship, cooperation, assistance, society, services, conversation, care, affection, emotional support, and physical aid and comfort of Plaintiff Charles Robert Clark, as well as her right to continuation of the normal marital relationship.

132. The acts of the Defendants combined and concurred to proximately cause Plaintiff Kimberly Clark's loss of marital services.

WHEREFORE, Plaintiff Kimberly Clark claims compensatory and punitive damages for her injuries resulting from said incident, including, but not limited to lost wages, present and future mental anguish, loss of enjoyment of life and other hedonic damages and such other compensatory damages as may be shown, in an amount to be determined by a jury, and costs, expenses and fees, and such other equitable relief as may be allowed by law.

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL ISSUES.**

Respectfully submitted,

Glenda G. Cochran (ASB-5150-C66G)
**COCHRAN & ASSOCIATES**
310 North 21st Street North, Suite 500
Birmingham, Alabama 35203
Telephone: (205) 328-5050
Facsimile: (205) 320-1659
E-mail: gc@glendacochran.com

Attorney for Plaintiff

Please serve the Defendants via certified mail at the following addresses:

Fluke Corporation
c/o CT Corporation System
1801 West Bay Drive NW
Suite 206
Olympia, WA 98502

General Electric Company
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

Mayer Electric Supply Company
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

Garner Electric, Inc.
c/o Harris Garner
5281 Deatsville Highway
Deatsville, Alabama 36022